IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ADOLFO YBARRA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-18 |
| DAVID D. DICKERSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Adolfo Ybarra, Jr., an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against David D. Dickerson, Justin Trimble, Jeanette Harden, Nita Neyland, Billy H. Jackson, and Kelly Strong.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Jeanette Harden filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response, and the matter is now ripe for review.

Factual Background

Plaintiff alleges Defendant Trimble harassed and threatened Plaintiff to impress a female officer. Plaintiff alleges he complained to his lawyer, the Ombudsman's Office, Defendant Dickerson, and others. Beginning on, or around, September 20, 2020, Plaintiff alleges he received a series of disciplinary cases for going to his job assignment. Plaintiff alleges he was prevented from working and given disciplinary cases in retaliation for complaining about the behavior of Defendant Trimble.

Motion to Dismiss

Defendant Harden moved to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Harden contends that Plaintiff has failed to allege facts demonstrating that she retaliated against him.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that Defendant Harden was involved with the other Defendants in retaliating against him. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods*

*v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

In this case, Plaintiff has not stated a retaliation claim against Defendant Harden because he has not alleged that she was personally involved in taking adverse action against Plaintiff or that she intended to retaliate against him. Plaintiff states that Defendant Harden reported an incident, but it is unclear from the pleadings what incident she reported or how that resulted in Plaintiff receiving disciplinary cases or being prevented from working. Plaintiff's allegations do not show direct evidence of motivation or a chronology of events from which retaliation may be inferred. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Harden.

## Recommendation

Defendant Jeanette Harden's motion to dismiss should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 16th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge