IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ADOLFO YBARRA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-18 |
| DAVID D. DICKERSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Adolfo Ybarra, Jr., an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against David D. Dickerson, Justin Trimble, Nita Neyland, Billy H. Jackson, and Kelly Strong.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a motion for summary judgment limited to the issue of exhaustion. Plaintiff has had an opportunity to file a response, and the matter is now ripe for review.

Factual Background

Plaintiff alleges Defendant Trimble harassed and threatened Plaintiff to impress a female officer. Plaintiff alleges he complained to his lawyer, the Ombudsman's Office, Defendant Dickerson, and others. Beginning on, or around, September 20, 2020, Plaintiff alleges he received a series of disciplinary cases for going to his job assignment that were meant to harass him. On one occasion, Plaintiff alleges Defendant Jackson ordered a correctional officer to give Plaintiff a disciplinary case for going to his job assignment. Plaintiff alleges Defendant Neyland was aware of the threats and harassment and either allowed it or ordered it. Plaintiff alleges he was prevented from working and given disciplinary cases in retaliation for complaining about the behavior of Defendant Trimble.

Defendants' Motion for Summary Judgment

Defendants contend that they are entitled to summary judgment because Plaintiff did not exhaust administrative remedies before he filed this lawsuit.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life,

whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id.* at 517-18. "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson*, 385 F.3d at 515. A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Plaintiff attached copies of Step 1 and Step 2 grievances to his complaint, but those grievances were not reviewed by prison officials. The grievances show that they were rejected because Plaintiff failed to comply with procedural rules. Defendants submitted relevant portions of Plaintiff's grievance records from August 1, 2020. The grievance records reflect that Plaintiff submitted grievances concerning the alleged harassment and false disciplinary cases that were reviewed by prison officials, but he filed this complaint before he received responses to his Step 2

grievances. Because the claims raised in this action were unexhausted at the time he filed this action, Defendants' motion for summary judgment should be granted.

## Recommendation

Defendants' motion for summary judgment should be granted, and this action should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 2nd day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge